UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JONATHAN TORRES,

Defendant.

23-cr-395 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

On May 14, 2026, the Court entered a judgment of conviction against the defendant based on the defendant's conviction after a jury trial of two counts relating to his possession with intent to distribute crack cocaine, as well as the possession of a firearm in furtherance of his drug trafficking. See Judgment at 1–2, ECF No. 151. The judgment was also based on the defendant's plea of guilty to one count of brandishing a firearm during and in relation to a crime of violence in connection with the defendant's participation in an armed carjacking of a livery cab driver (Victim-1) in October 2022. Id. In addition, the judgment was based on the defendant's plea of guilty to one count of aggravated identity theft in connection with identity documents that the defendant stole from another cab driver (Victim-2) in September 2022. Id. The Court reserved the issue of the appropriate amount of restitution, and the parties made subsequent submissions on the amount.[1]

[1] At sentencing on May 14, 2026, the Court deferred the imposition of an order of restitution. See Judgment at 4, ECF No. 151 ("Restitution is stayed. The Government shall make a submission regarding restitution by July 16, 2026."). The parties then sought a two-week adjournment to make their submissions.

The Government now seeks restitution for Victim-2 in the amount of $24,291.40, which is the total amount of unauthorized withdrawals made by the defendant using or based on Victim-2's identity documents. See Gov't Restitution Ltr. at 3–6, ECF No. 156. The defendant does not object to that item of restitution. See Def. Restitution Ltr. at 1, ECF No. 158. The Government also seeks restitution for Victim-1 in the amount of $9,500 based on the alleged cost of repairs made to his vehicle for damages that were allegedly incurred during the time that the stolen cab was in the defendant's possession. See Gov't Restitution Ltr. at 2–3, ECF No. 156. The defendant objects to that part of restitution on the grounds that it is insufficiently supported by evidence.

For the reasons explained below, the Court concludes that the award of restitution should include the $9,500 sought for Victim-1. The total award of restitution shall accordingly be $33,791.40.

**I.**

The Mandatory Victims Restitution Act ("MVRA") provides for mandatory restitution by a defendant convicted of a "crime of violence" or a property offense under Title 18, "including any offense committed by fraud or

---

ECF No. 154. The Court subsequently requested supplemental papers from the defendant. ECF No. 160. The Supreme Court has held that a district court retains the power to order restitution beyond the 90-day deadline, at least where the court has made clear (as the Court has done in this case) that the court intends to order restitution. Dolan v. United States, 560 U.S. 605, 608 (2010); accord United States v. Pickett, 612 F.3d 147, 149 (2d Cir. 2010) (per curiam).

deceit," where "an identifiable victim" has suffered a "pecuniary loss."[2] 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(B). "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); see United States v. Qurashi, 634 F.3d 699, 702 (2d Cir. 2011). The Government bears the burden of proving a victim's actual loss by a preponderance of the evidence. 18 U.S.C. § 3664(e); see also United States v. Finazzo, 850 F.3d 94, 117 (2d Cir. 2017).

"The primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." Qurashi, 634 F.3d at 703; see United States v. Coriaty, 300 F.3d 244, 253 (2d Cir. 2002) ("statutory focus" of MVRA is "making victims whole"). "[T]he MVRA caps the restitution award at the actual amount of the victim's loss," United States v. Thompson, 792 F.3d 273, 277 (2d Cir. 2015), but "the calculation of these losses need not be mathematically precise," United States v. Rivernider, 828 F.3d 91, 115 (2d Cir. 2016). A district court must make only "a reasonable estimate" of a victim's loss "based on the evidence before it." United States v. Milstein, 481 F.3d 132, 137 (2d Cir. 2007); United States v. Gushlak, 728 F.3d 184, 196 (2d Cir. 2013)

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

("[A] reasonable approximation will suffice, especially in cases in which an exact dollar amount is inherently incalculable.").

**II.**

The Government has submitted a sworn declaration from Victim-1 that attests that he paid $9,500 in cash for the repairs to his cab that were required to repair damage to his cab after it was stolen and before it was returned, and that insurance did not cover the costs of repairs. See Victim-1 Sworn Decl. ¶ 5, ECF No. 159-1. Victim-1 states, under oath, that his car had been "destroyed," and he describes the repairs he made to the cab, including replacing the seats, changing the tires, and making repairs to the body of the car. Id. ¶ 4. The pictures of the vehicle submitted by the Government show significant damage to the body of the cab and stained seats. See ECF No. 156-1. In response to this sworn declaration, the defendant argues that there must be "objective evidence of the amount of loss, such as receipts, credit card statements or bank statements showing cash withdrawn to pay for $9,500 in repairs" or tax returns that show the repairs as a business expense. See Def. Restitution Sur-Reply at 1, ECF No. 161. The defendant also raises questions regarding the necessity of the repairs.

Victim-1's declaration was signed by Victim-1 and made "under penalty of perjury." See Victim-1 Sworn Decl., ECF No. 159-1. The sworn declaration thus has "sufficient indicia of reliability to support a restitution order regardless of [the] lack of itemized receipts or invoices." United States v.

Romano, No. 09-cr-168 S2, 2021 WL 1711633, at *8 (E.D.N.Y. Apr. 29, 2021) ("[T]he potential penalties faced by the affiants for submitting false information to the Court insure the reliability of the loss affidavits."), aff'd sub nom. United States v. Mosca, No. 21-1209, 2023 WL 6799293 (2d Cir. Oct. 16, 2023).

The defendant's arguments that the Government or Victim-1 must provide some other evidence for the amount of losses is mistaken and unsupported by any case law. The sworn declaration, even absent receipts, bank statements, or tax returns, is sufficient to show the amount of loss. See United States v. Schwamborn, 542 F. App'x 87, 88 (2d Cir. 2013) (affirming district court's restitution order that relied on affidavits for determining amount of restitution); United States v. Depiazza, 172 F.3d 38, 1999 WL 38812, at *1 (2d Cir. 1999) (affirming restitution order based on victim loss declarations and finding that "there is no requirement that [victim's] losses be evidenced by receipts"); United States v. Saipov, No. S1 17-CR-722, 2024 WL 230625, at *5 (S.D.N.Y. Jan. 22, 2024) ("The law only requires that restitution calculations be a reasonable approximation that can be based on any proof, including . . . affidavits.").

The defendant fails to point to any contrary evidence that casts doubt on the cost of the repairs to Victim-1's car or that would otherwise undermine Victim-1's sworn declaration. The inconsistencies the defendant points to between Victim-1's declaration and the Pre-Sentence Report are insufficient to undermine Victim-1's sworn declaration that he spent $9,500 in cash for

repairs to the cab. The photographs show significant damage to the outside of the cab. While the Pre-Sentence Report does not report that Victim-1 replaced the seats, the photographs show significant stains to the seats. And replacing the seats is not inconsistent with Victim-1's statement to the police that he had to "pay for extensive cleaning of the interior, given the smell of smoke and visible stains inside the vehicle . . . ." Pre-Sentence Report ¶ 22. Thus, based on a preponderance of the evidence, a reasonable estimate of Victim-1's losses is $9,500. The Court is accordingly required to order restitution for Victim-1 in the amount of $9,500.

## III.

For the foregoing reasons, the Government's request for a total restitution award of $33,791.40 is **granted.** The total restitution award is comprised of $24,291.40 for Victim-2 and $9,500 for Victim-1.

The Court will sign the Proposed Order of Restitution, ECF No. 156-2, except payment will begin thirty (30) days after the defendant's release from incarceration and no interest will accrue on the unpaid amount because of the defendant's inability to pay. The Government should provide a copy of Schedule A with the names of the victims to be filed under seal.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 24, 2026**

John G. Koeltl

**John G. Koeltl**
**United States District Judge**